**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| JASON VASSIL, MELANIE BITZEL, and MEGAN VASSIL,<br><br>Plaintiffs,<br>v.<br><br>OFFICE OF PERSONNEL MANAGEMENT, METROPOLITAN LIFE INSURANCE COMPANY, and DENISE ELAINE VASSIL,<br><br>Defendants. | Case No. 16-13176<br>Hon. Terrence G. Berg |

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS (DKT. 12)**

**I. INTRODUCTION**

This case concerns the distribution of benefits from a life insurance policy. Plaintiffs ask the Court to declare that Denise Elaine Vassil is not entitled to any of the benefits of Gary George Vassil's life insurance policy because the couple divorced in 2003. Defendants ask this Court to dismiss the case on the ground that the Designation of Beneficiary form that Gary Vassil filled out prior to his death included Denise Vassil as a beneficiary and was not affected by the divorce. Because the divorce decree did not expressly revoke Denise Vassil's interest in the life insurance policy as required by 5 U.S.C. § 8705(e)(1), Defendants' motion is **GRANTED** and the case is **DISMISSED**.

## II. BACKGROUND

Gary George Vassil was a civilian employee of the federal government who died in April of 2016. Dkt. 12, Pg. IDs 95-96. As a federal employee, he participated in the Federal Employees Group Life Insurance (FEGLI) Program. Dkt. 12, Pg. ID 95. On April 22, 1997, he submitted a beneficiary designation form that designated Denise E. Vassil (83%), Megan T. Vassil (10%), Melanie Vassil (5%), and Rhonda Ludwig (2%) to receive his FEGLI benefits in the percentages shown in parenthesis. Dkt. 12, Pg. ID 95. At the time the form was completed, Denise Vassil was Gary Vassil's wife.

In 2003, the couple divorced. Dkt. 12, Pg. ID 96. The Court of Common Pleas in Cumberland County, Pennsylvania entered a Decree of Divorce in September 2003. Dkt. 12, Pg. ID 96; Dkt. 8, Ex. 1. The Decree, a certified copy of which was attached to the Amended Complaint as an exhibit, is a one-page certificate-style document that simply states that: the couple are "divorced from the bonds of matrimony"; the Court "retains jurisdiction of the following claims which have been raised of record in this action for which a final order has not yet been entered;" and "NO CLAIMS HAVE BEEN RAISED." The Divorce Decree bears an embossed gold seal of the Court, and is signed in ink by two witnesses as "Prothonotary" and signed for the Court by the Honorable Kevin A. Hess. The Decree references no assets, life insurance policies, or benefits of any kind, and mentions no settlement agreement between the parties.

After Gary Vassil died in 2016, his children (Plaintiffs) made a claim on his life insurance policy and learned that Denise Vassil remained a named beneficiary of the policy. Dkt. 8, Pg. ID 48. Plaintiffs asked Ms. Vassil to waive her status as a

beneficiary, but she was unwilling to do so. Dkt. 8, Pg. ID 48. Plaintiffs then asked Defendant Office of Personnel Management ("OPM") to change their father's 1997 beneficiary designation to exclude Ms. Vassil, but Defendant OPM refused to do so without a court order requiring it to make the change. Dkt. 8, Pg. ID 48. So Plaintiffs brought this lawsuit, seeking a declaratory judgment that Denise Vassil is not a beneficiary of Mr. Vassil's life insurance policy. Defendants have moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6). Dkt. 12. Plaintiffs oppose the motion. Dkt. 16. On January 25, 2017, the Court held oral argument on the motion.

### III. ANALYSIS

#### A. Standard of Review

A Rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court reasonably to infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *See Ziegler v IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001).

### B. Discussion

Section 8705 of Title 5 of the United States Code provides an "order of precedence" for death claims under the FEGLI Program. Section 8705(a) provides that, "[e]xcept as provided in subsection (e)," upon the death of a participant, FEGLI benefits must be paid "[f]irst, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office." The exception to this requirement is set out in § 8705(e)(1):

> Any amount which would otherwise be paid to a person determined under the order of precedence named by subsection (a) shall be paid (in whole or in part) by the Office to another person if and to the extent expressly provided for in the terms of any court decree of divorce, annulment, or legal separation, or the terms of any court order or court-approved property settlement agreement incident to any court decree of divorce, annulment, or legal separation.

The exception also provides that, even when a court decree, annulment, order, or court-approved settlement meets § 8705(e)(1) requirements, the document "shall not be effective unless it is received, before the date of the covered employee's death, by the employing agency or, if the employee has separated from service, by [OPM]." 5 U.S.C. § 8705(e)(2). Here, Plaintiffs do not allege that any document that would satisfy § 8705(e)(1)'s requirements was sent to or received by the employing agency or OPM.[1]

---

[1] During oral argument, Plaintiffs' counsel speculated that a divorce settlement agreement could exist which addressed the insurance benefits, and that the court in Pennsylvania might have approved it. Plaintiff acknowledged that he had no evidence of such an agreement, but asked whether defense counsel could provide a statement confirming that OPM had never received such a document. Defense counsel said he could provide a letter indicating that the file he received from OPM contained no such records. He did so by letter dated January 26, 2017, and provided a copy to the Court. The Court has attached the letter as an exhibit to this order.

4

Instead, Plaintiffs seek to rely on a Pennsylvania law that states that if a person who is divorced from a spouse still has that spouse listed as a beneficiary to a life insurance policy, when the policy holder dies the designation of the former spouse will be ineffective; the former spouse will be treated as pre-deceasing the policy holder. 20 Pa.C. § 6111.2. Dkt. 8, Pg. IDs 46-47.

Defendants argue that Plaintiffs fail to state a claim because the divorce decree did not "expressly provide," as required by Section 8705(e)(1), that someone other than Denise Vassil should be paid the portion of the insurance benefits that Gary Vasil allocated to her in the beneficiary designation form he submitted to OPM in 1997. Dkt. 12, Pg. ID 107-110. Further, Defendants argue that federal law preempts the Pennsylvania law on which Plaintiffs attempt to rely when stating their claim. Dkt. 12, Pg. IDs 110-114. For support, Defendants cite *Hillman v. Maretta*, 133 S. Ct. 1943 (2013), where the Supreme Court held that a Virginia law conflicted with the FEGLIA because the Virginia law interfered with Congress' objective that insurance benefits belong to the named beneficiary. Dkt. 12, Pg. ID 112. Defendants also cite 5 U.S.C. § 8709(d), which is an express preemption provision:

**(d)**

> **(1)** The provisions of any contract under this chapter which relate to the nature or extent of coverage or benefits (including payments with respect to benefits) shall supersede and preempt any law of any State or political subdivision thereof, or any regulation issued thereunder, which relates to group life insurance to the extent that the law or regulation is inconsistent with the contractual provisions.

5

> **(2)** For the purpose of this section, "State" means a State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, and a territory or possession of the United States.

Plaintiffs argue in response that the case should survive Defendants' motion because whether the decree meets the exception outlined in § 8705(e)(1) is a question of fact. Dkt. 16, Pg. ID 135. Plaintiffs also argue that Defendants' motion is more in the nature of a motion for summary judgment because Defendants ask the Court to make factual determinations, and that additional discovery is necessary to "test the veracity" of Defendants' "claims regarding the lack of sufficiency of the divorce decree," among other things. Dkt. 16, Pg. ID 145. And Plaintiffs argue that the preemption rule does not apply if there is proof of transmission of the divorce decree to OPM. Dkt. 16, Pg. ID 141.

Plaintiffs' responses are unavailing. First, whether the decree meets § 8705(e)(1)'s exception to the order of precedence is a question of law. The existence and content of the decree are uncontested; the Court need only examine the decree and determine whether it "expressly provide[s]" that Denise Vassil's share of the policy benefits be paid to someone else. The decree has no such express provision, and thus fails as a matter of law to meet § 8705(e)(1)'s exception to the order of precedence outlined in § 8705(a). Second, Defendants' motion is not a motion for summary judgment. "When a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007). Here, the only document the Court needs to decide Defendants'

motion is the divorce decree, which was attached to and referred to throughout the Amended Complaint. Dkt. 8, ¶¶ 19-20, 41-43, 45, 50, 52, Ex. 1. Third, no additional discovery is necessary. Taking the complaint's allegations as true, there was only one divorce document: the decree. Despite Plaintiff counsel's speculative suggestions at oral argument, the Amended Complaint does not allege that there is some other, currently undiscovered, court-approved divorce document in existence. Finally, whether there is proof of transmission of the divorce decree to OPM has nothing to do with whether FEGLIA preempts Pennsylvania's conflicting law. Section 8709(d) expressly provides for preemption, and in *Hillman*—without even relying on § 8709(d)—the Supreme Court reached the same conclusion when analyzing a similar Virginia law. 133 S. Ct. at 1949.

In short, the 1997 designation of beneficiary form on file with OPM controls the distribution of Gary Vassil's life insurance benefits. The divorce decree does not affect the distribution of those benefits because the decree does not provide, expressly or otherwise, that Denise Vassil's share of the benefits be paid to someone else. The FEGLIA preempts the Pennsylvania law that would treat Denise Vassil as having predeceased Gary Vassil (and would therefore prevent her from obtaining her share of the benefits). Consequently, the complaint fails to allege facts sufficient to state a claim upon which the Court could grant Plaintiffs' request for relief and order OPM and MetLife to deprive Denise Vassil of her share of the life insurance benefits.

It may well be that Gary Vassil did not realize that if he wanted to change the distribution of his life insurance benefits following his divorce, he needed to submit a

new beneficiary designation form or some other proof of his intent to alter his beneficiaries as required by § 8705(e). If so, the payment of benefits to Denise Vassil would be contrary to the genuine wishes of Gary Vassil, and that is unfortunate. However, under the applicable federal statute the Court does not have the power to remedy such a mistake.

## IV. CONCLUSION

For the forgoing reasons, Defendants' motion is **GRANTED**. Defendant Denise Vassil has not appeared in the case and consequently did not join Defendants OPM and MetLife in their motion to dismiss. But because Plaintiffs have also failed to state a claim against Ms. Vassil, the same analysis applies and the case in its entirety is **DISMISSED**.

**SO ORDERED.**

Dated: January 31, 2017　　　　　　　　　s/Terrence G. Berg
　　　　　　　　　　　　　　　　　　　　TERRENCE G. BERG
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on January 31, 2017, using the CM/ECF system, which will send notification to all parties.

　　　　　　　　　　　　　　　　　　　　s/A. Chubb
　　　　　　　　　　　　　　　　　　　　Case Manager